831 P.2d 946

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dion HAUGHT, Defendant–Appellant.**

**No. 19123.**

Court of Appeals of Idaho.

April 13, 1992.

Petition for Review Denied June 18, 1992.

Derr & Associates, Boise, for defendant-appellant. Frederick C. Frahm, argued.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Dion Haught was convicted of possessing a controlled substance. On appeal he challenges the district court's order denying his motion to suppress evidence found in his vehicle. We affirm.

The facts are as follows. While driving on Highway 93, south of Twin Falls, Haught was stopped by a state trooper, Officer Stanley, for speeding. Using the information from Haught's registration and driver's license, Stanley radioed a dispatcher to perform a warrants check. The check revealed an outstanding misdemeanor warrant for failure to appear on a charge of driving without privileges. Based on this warrant, Haught was arrested, handcuffed, patted down and placed in the patrol car. Pursuant to an Idaho State Police impoundment policy, Stanley began an inventory of Haught's pickup truck, an extended cab model with passenger seats behind the front seats. Stanley started with the pickup bed, where she noticed several 9mm brass shell casings in a plastic cup. She stopped her search and asked Haught if he had a gun in the vehicle. He told her he kept a pistol in the cab next to the driver's seat. Stanley entered the cab and found a loaded gun in the console between the front seats. Continuing to search the passenger compartment, she opened a latched, but unlocked, compartment beneath the back passenger seats where she discovered approximately two kilograms of cocaine.

Haught filed a motion to suppress this evidence, arguing that the search violated his Fourth Amendment rights. The district court denied the motion, ruling that the evidence was admissible as the product of a lawful search incident to arrest. Reserving his right to challenge this ruling, Haught entered a conditional guilty plea to possessing cocaine with intent to deliver. This appeal followed.

The sole issue is whether the district court erred by denying Haught's motion to suppress. Because this issue raises a question of constitutional law, we exercise free review, deferring to the district court's factual findings unless they are clearly erroneous. *State v. Shepherd*, 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990).

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. Generally, police may conduct a search only if they have obtained a warrant based upon probable cause. An exception to the warrant requirement exists when officers make an arrest. The arresting officers may conduct an immediate search of the arrestee, and

the area within the arrestee's immediate control, without first obtaining a warrant. *See Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). Moreover, an officer who makes a lawful custodial arrest of the occupant of an automobile may, "as a contemporaneous incident of that arrest," search the passenger compartment and examine the contents of any container, opened or closed, found within. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Smith*, 120 Idaho 77, 813 P.2d 888 (1991).

Haught does not challenge the validity of his arrest, nor does he dispute that the evidence was seized from a container within the passenger compartment of his vehicle. He contends, however, that the search of the passenger compartment was not sufficiently "contemporaneous" with his arrest and that *Belton* therefore is inapplicable.

■ Whether a search is "contemporaneous" with an arrest is judged by a standard of reasonableness under the circumstances of the arrest. *United States v. Vasey*, 834 F.2d 782, 787–88 (9th Cir.1987); *see also* P. JOSEPH, WARRANTLESS SEARCH LAW DESKBOOK, § 10.5 (1991). Where the arrestee remains at the scene, a search generally—but not automatically [1]— will be deemed sufficiently contemporaneous under *Belton. See Smith*, 120 Idaho at 80, 813 P.2d at 891; *State v. Hull*, 210 Conn. 481, 556 A.2d 154 (1989); *State v. Fladebo*, 113 Wash.2d 388, 779 P.2d 707 (1989); *State v. Fry*, 131 Wis.2d 153, 388 N.W.2d 565, *cert. denied*, 479 U.S. 989, 107 S.Ct. 583, 93 L.Ed.2d 586 (1986); *see also* 3 W. LAFAVE, SEARCH AND SEIZURE § 7.1(c), at 15 (2d ed. 1987) ("the fact that in almost all cases the search will be undertaken at the place of arrest is, as a practical matter, likely to overcome any problems as to temporal proximity"). This is so even though the arrestee is handcuffed and placed in the patrol car, with little or no chance of destroying evidence or obtaining a weapon. *See State v. Wheaton*, 121 Ida-

ho 404, 825 P.2d 501 (1992); *United States v. White*, 871 F.2d 41 (6th Cir.1989); *United States v. Karlin*, 852 F.2d 968 (7th Cir.1988), *cert. denied*, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989); *United States v. McCrady*, 774 F.2d 868, 871–72 (8th Cir.1985); *United States v. Cotton*, 751 F.2d 1146, 1149 (10th Cir.1985); *United States v. Abel*, 707 F.2d 1013, 1015 n. 1 (9th Cir.1983), *reversed on other grounds*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

■ In this case, the search followed the arrest and was conducted at the scene with the arrestee still present. Moreover, it is clear from the record that Officer Stanley entered the passenger compartment for the purpose of locating Haught's gun, which she had not known existed until she found the shells and questioned Haught. Thus, once Officer Stanley learned of the gun, a search for it became imperative. The fact that she conducted an intervening inventory of the pickup bed—which appears to have taken no more than a few minutes— did not destroy her right to enter the pickup cab to search for the weapon. *Compare Vasey, supra.*

We conclude that, under these circumstances, the search of the passenger compartment was sufficiently contemporaneous with Haught's arrest. Accordingly, the seizure of evidence from the containers found in that compartment was authorized under *Belton*. Because we uphold the district court's ruling that the search was a valid search incident to arrest, we need not analyze whether the search was also proper under the inventory exception to the warrant requirement. *Shepherd, supra*, 118 Idaho at 124, 795 P.2d at 18.

■ Haught next asks that we construe Article I, section 17, of the Idaho Constitution as providing greater protection than that afforded by the Fourth Amendment of the United States Constitution. He suggests that we reject *Belton's* bright-line

---

**1.** In *Vasey*, the court held that where the search took place at a time from thirty to forty-five minutes after the defendant had been arrested, handcuffed, and placed in the rear of the police vehicle, during which time the officers conducted several conversations with him, the officers lost their right to enter the vehicle in the guise of a search incident to arrest. 834 F.2d at 787.

rule defining the area "within the arrestee's immediate control" as the entire passenger compartment and require instead that the scope of the search area be more closely tailored to the circumstances of each case. As Haught concedes, however, this argument was not developed in the district court. We will not consider an issue raised for the first time on appeal. *See Wheaton*, 121 Idaho at 406–07, 825 P.2d at 503–04.

The judgment of conviction, entered upon Haught's conditional plea, is affirmed.

SWANSTROM and SILAK, JJ., concur.