953 P.2d 612

STATE of Idaho, Plaintiff–Respondent,

v.

David Lee HOMOLKA, Defendant–Appellant.

No. 23648.

Supreme Court of Idaho,
Boise, February 1998 Term.

March 20, 1998.

Harry DeHaan, Twin Falls, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson and Kevin J. Wladyka, Deputy Attorneys General, Boise, for respondent. Kevin J. Wladyka argued.

SCHROEDER, Justice.

This is an appeal from the district court's order denying a motion to suppress evidence. The appellant alleges that the evidence seized was the product of an illegal search of his vehicle.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

David Homolka (Homolka) appeals from a judgment of conviction entered following his conditional plea of guilty to possession of a controlled substance. Homolka reserved the right to appeal from the district court's denial of his motion to suppress cocaine which was found during a search of his vehicle following his arrest.

A police officer stopped Homolka's vehicle for a defective taillight. When the officer approached Homolka's vehicle, he saw an object that appeared to be a weapon. He removed Homolka from the vehicle and handcuffed him while he searched the passenger compartment for weapons. He determined that the object was a stun gun and removed the handcuffs from Homolka. The officer administered field sobriety tests and observed that Homolka was nervous, agitated, talkative, "thick-tongued" and that the pupils of his eyes were pin-pointed. The officer concluded that Homolka was driving while under the influence of drugs.

The officer arrested Homolka for driving under the influence and performed another search of the passenger compartment of the vehicle. He found an Altoid peppermint tin that contained a razor blade, which he believed—based on his prior training and experience—to be drug paraphernalia. He then called another police officer who brought a dog trained to detect drugs. The dog searched the car and indicated toward the gear shift boot. The boot was loose and had part of a clear plastic bag sticking out beneath it. A rubber band ran from the gear shift nob into the boot. The officer removed the boot and found that the rubber band was attached to a bag containing cocaine. The defendant was subsequently charged with possession of a controlled substance.

Homolka filed a motion to suppress in the district court, arguing that the search violated the standards set forth in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), for a search incident to an arrest. The district court held that the cocaine was the product of a legal search incident to arrest pursuant to *Belton*. Homolka contends that the officer exceeded the scope of a search incident to arrest because (1) the search of the gear shift boot was not sufficiently contemporaneous with the arrest, and (2) the gear shift boot was not part of the passenger compartment.

## II.

### STANDARD OF REVIEW

 On a denial of a motion to suppress, this Court will overturn a trial court's factual findings only if they are clearly erroneous. *State v. Peightal*, 122 Idaho 5, 7, 830 P.2d 516, 518 (1992). However, this Court exercises free review over questions of law, including whether the trial court correctly applied the law to the facts. *Id.*; *State v. Weber*, 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989).

## III.

### THE SEARCH OF THE GEAR SHIFT BOOT WAS SUFFICIENTLY CONTEMPORANEOUS WITH THE ARREST.

 Homolka made his challenge in the district court and in this Court under *Belton*. Homolka does not challenge the validity of the arrest, nor does he dispute the initial search of his car, resulting in the discovery of the Altoid peppermint tin and the razor blade. He argues, however, that the search of the gearshift boot was not sufficiently contemporaneous with his arrest in order to comply with *Belton*. Under *Belton*, an officer who makes a lawful arrest of the occupant of a vehicle may, "as a contemporaneous incident of that arrest," search the passenger compartment of the vehicle. 453 U.S. at 460, 101 S.Ct. at 2864. "Whether a search is 'contemporaneous' with an arrest is judged by a standard of reasonableness under the circumstances of the arrest." *State v. Haught*, 122 Idaho 104, 106, 831 P.2d 946, 948 (Ct.App.1992) (citing *United States v. Vasey*, 834 F.2d 782, 787–88 (9th Cir.1987)). "Where the arrestee remains at the scene, a search generally-but not automatically-will be deemed sufficiently contemporaneous under *Belton*." *Id.* (footnote omitted).

In this case the search followed the arrest and was conducted at the scene with the arrestee still present. Following the discovery of the Altoid peppermint tin and the razor blade, the officer called another police officer and instructed him to bring a dog that was specially trained to detect drugs. Homolka contends that when the officer stopped the search and requested the assistance of a dog, the search had effectively ended and any further search of the vehicle required a

warrant. There is insufficient evidence in the record, however, to establish that the time lapse between the officer's initial search and the arrival of the dog was unreasonable. The district court's order denying the motion to suppress the evidence on this ground is affirmed.

## IV.

### THE GEAR SHIFT BOOT IS PART OF THE PASSENGER COMPARTMENT.

█ Homolka argues that the gearshift boot was not part of the passenger compartment and consequently the search was outside the scope of the *Belton* rule. In *Belton,* the U.S. Supreme Court established a bright-line rule that it is constitutionally reasonable for a police officer to conduct a warrantless search of the passenger compartment of a vehicle as an incident to a valid arrest of an occupant of the vehicle. 453 U.S. at 460–61, 101 S.Ct. at 2864–65. The scope of the search includes the passenger compartment and any containers found within it. *Id. Belton* defines "container" as:

> [A]ny object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

*Id.* at 460–61 n. 4, 101 S.Ct. at 2864 n. 4. The stated justifications for allowing a search incident to arrest are the need to prevent physical harm to the arresting officer and the need to prevent the concealment or destruction of evidence. *Id.* at 457, 101 S.Ct. at 2862–63.

The State contends that under the expansive definition of "container" in *Belton* and its specific inclusion of the console as a container, the gear shift boot should be deemed either a container or an integral part of the passenger compartment, especially because it was not attached to the floor of the vehicle.

In *State v. McIntee,* 124 Idaho 803, 864 P.2d 641 (Ct.App.1993), the Idaho Court of Appeals held that an officer did not exceed the permissible scope of a warrantless search incident to arrest when "[h]e found that the passenger's seat appeared not to be attached to the floor and moved freely, so he flipped it over to continue his search." *Id.* at 805, 864 P.2d at 643. Similarly, in this case, the gearshift boot was not attached to the car. The officer explained that "it could move freely." Furthermore, the officer noticed both the protruding plastic bag and the rubber band that was attached to the gear shift nob. With both of those items in his plain view, it was reasonable to move the gearshift boot to determine whether the objects posed a threat to the officer or were potential evidence. No dismantling or damage to the vehicle was necessary to move the boot. In view of the gearshift boot's accessibility to the occupant of the vehicle and the fact that it was not attached, the officer did not exceed the permissible scope of a search incident to arrest.

## V.

### CONCLUSION

The district court's order denying the motion to suppress evidence is affirmed.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.