864 P.2d 641

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Robert McINTEE, Defendant–Appellant.**

**No. 20107.**

Court of Appeals of Idaho.

Nov. 8, 1993.

Petition for Review Denied Dec. 28, 1993.

David A. Frazier, Coeur d'Alene, argued, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

PERRY, Judge.

Robert McIntee appeals from his judgment of conviction and sentence, which were entered following his conditional plea of guilty, pursuant to I.C.R. 11, to possession of cocaine in violation of I.C. § 37–2732(c)(1). As part of his conditional plea, McIntee reserved his right to appeal from the district court's denial of his motion to

suppress the cocaine which was found during the search of his vehicle following his arrest. McIntee raises two issues on appeal relating to the validity and the scope of that search. We affirm.

On the night of November 8, 1991, Officer Mike Calderwood of the Coeur d'Alene Police Department spotted McIntee in his white Ford Ranchero on the I–90 offramp at Fourth Street in Coeur d'Alene. Officer Calderwood, who was in an unmarked police vehicle, confirmed that McIntee had two valid outstanding warrants for his arrest. Officer Calderwood contacted a fellow officer in a marked patrol vehicle to arrest McIntee on the two outstanding warrants. Officer Calderwood followed McIntee until Officer McLeod finally stopped McIntee at Ninth and Harrison Streets and placed him under arrest. In a search at the scene of the arrest, the officers found two bindles of cocaine under the passenger's seat of McIntee's vehicle. McIntee was charged with possession of cocaine in violation of I.C. § 37–2732(c)(1).

McIntee filed a motion to suppress in the district court, contending that the cocaine was discovered after he had been removed from the scene. He claimed that his continued presence at the arrest scene was required for the search to be valid as a search incident to arrest. McIntee also claimed that the officers had exceeded the scope of a search incident to arrest when they "dismantled" the passenger's seat to facilitate their search of the vehicle. In ruling on the motion, the district court specifically found that there had been no dismantling of the seat by the officers, who had merely flipped over the seat which was not securely attached to the floor. Finding that the state had not proven that McIntee was present at the time the cocaine was discovered, the court then concluded that the discovery of the cocaine was the result of a valid search incident to an arrest and denied McIntee's motion to suppress. McIntee appeals and raises the same two arguments that he had presented to the district court.

■ Whether a search is reasonable under the Fourth Amendment is a question of law over which we exercise free review. *See State v. Heinen*, 114 Idaho 656, 759 P.2d 947 (Ct.App.1988). We examine the trial court's determination to ascertain whether constitutional requirements have been satisfied in light of the facts; we defer to factual findings unless they are clearly erroneous. *State v. Weber*, 116 Idaho 449, 776 P.2d 458 (1989).

McIntee does not claim that his arrest was illegal. The issue framed by McIntee is whether the warrantless search conducted by the officers should have stopped once he was removed from the scene. He argues that once the justification for the warrantless search ceased to exist, it was no longer reasonable to continue the warrantless search.

■ A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *State v. Wight*, 117 Idaho 604, 607, 790 P.2d 385, 388 (Ct.App.1990). A search incident to a valid arrest is among those exceptions, and thus does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In *Chimel*, the U.S. Supreme Court upheld a search of the person arrested and the area within his immediate control. The stated justifications for a search contemporaneous to an arrest are the need to prevent physical harm to the arresting officer, destruction of evidence and possession of weapons to use in order to resist arrest or effect an escape. *Id.* at 763, 89 S.Ct. at 2040.

Applying the *Chimel* principles to the lawful custodial arrest of the occupant of an automobile, the United States Supreme Court then concluded that articles inside the passenger compartment of a vehicle "are in fact generally, even if not inevitably, within the area into which an arrestee might reach in order to grab a weapon or evidentiary item." *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The Court in *Belton* also extended the scope of a search incident

to arrest to include containers found in the passenger compartment of a vehicle. *Id.* Thus, the Court set out a bright-line rule for police to follow when searching an automobile after an arrestee has been detained. *Id.*

■ *Belton* holds that when a policeman has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile. *Id.* This is also the law in Idaho. *See State v. Calegar,* 104 Idaho 526, 530, 661 P.2d 311, 315 (1983), *adopting* New York v. Belton, *supra.* With respect to McIntee's case, the arrest was based upon two valid outstanding warrants; the search of McIntee's vehicle took place at the scene, immediately after McIntee was arrested, and was confined to the passenger compartment of the vehicle. This search satisfied the three requirements spelled out in *Belton* and was, as the district court concluded, a valid search incident to arrest. *See State v. Smith,* 120 Idaho 77, 813 P.2d 888 (1991) (contemporaneous search of interior of automobile justified following lawful, custodial arrest); *State v. Heinen, supra* (warrantless search of accused's briefcase at police station after arrest held continuation of initial search incident to arrest).

McIntee invites us to add the element of proximity of the arrestee to the search incident to arrest analysis, requiring either that the arrestee be present during the entire search or, if the arrestee is removed from the scene, that the search must cease and be resumed only after the police obtain a search warrant. However, he cites to us no binding authority in support of this contention. *But see State v. Badgett,* 200 Conn. 412, 512 A.2d 160 (1986), *cert. denied,* 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373 (1992) (search of bag discovered in arrestee's vehicle when arrestee already in police car leaving scene held not incident to arrest); *State v. Murray,* 135 N.H. 369, 605 A.2d 676 (N.H.1992) (search of defendant's purse when defendant not at hand but in an ambulance to be transported to hospital held not incident to arrest). Ac-

cordingly, and consistent with previously decided Idaho case law, we decline to supplement *Belton* with such a restriction. *See State v. Heinen, supra; State v. Calegar, supra.*

■ McIntee also claims that the district court erred in finding that the officers did not dismantle the passenger's seat, thereby exceeding the permissible scope of a warrantless search incident to arrest. He argues that the officers had no reason to believe that McIntee had flipped the seat over, during the surveillance period, in order to conceal evidence. In other words, he asserts that the officers did not have probable cause to justify turning the seat over during their search. The only evidence with respect to the condition of the seat came from Officer Calderwood. He testified at the preliminary hearing that he had reached under the driver's seat and then under the passenger's seat in the small passenger compartment of the vehicle. He found that the passenger's seat appeared not be attached to the floor and moved freely, so he flipped it over to continue his search. Based on this record, we cannot say that the district court's finding was erroneous.

Having applied the requirements of *Belton,* we conclude that the search of McIntee's vehicle was a valid search incident to arrest. The cocaine that was discovered under the seat during the search, therefore, should not be suppressed. We uphold the district court's finding that there was no dismantling of the vehicle. We also affirm the order of the district court denying McIntee's motion to suppress.

WALTERS, C.J., and LANSING, J., concur.