905 P.2d 1032

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brenton Craig FOSTER, Defendant–Appellant.**

**No. 21415.**

Court of Appeals of Idaho.

Oct. 30, 1995.

Lynn, Scott, Hackney & Jackson, Boise, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this case we are called upon to determine the validity of a vehicular search. After the district court denied his motion to suppress evidence seized from his vehicle, Brenton Craig Foster entered a conditional plea of guilty to felony possession of a controlled substance, I.C. § 37–2732(c), and misdemeanor battery on a law enforcement officer, I.C. §§ 18–903(a), 18–915. Foster now appeals, contending that the warrantless search of his automobile violated the Fourth Amendment to the United States Constitution and Art. I § 17 of the Idaho Constitution. Because we find that the search was prohibited by the Fourth Amendment, we vacate the judgment of conviction and remand the case for further proceedings.

## I.

## FACTS

On April 26, 1993, Brenton Foster drove to a duplex where an acquaintance resided. Foster parked his automobile on the driveway of the duplex and walked to the front entry of the residence. When Foster knocked, the door was opened by Special Agent Pieper of the Idaho Bureau of Narcotics. Pieper and several other law enforcement officers were in the duplex to arrest the resident on drug charges. Immediately after admitting Foster into the residence, Pieper questioned Foster as to why he was there and asked him for identification. Foster replied that he had identification in his vehicle. Agent Pieper and Officer Ross then accompanied Foster to his vehicle where he retrieved from the passenger compartment an identification card that was not a driver's license. Foster also opened the trunk of his vehicle to get a business card from a brief case as further identification. When Foster could not produce a driver's license, Officer Ross radioed a request for a driver's license check. Agent Pieper then asked Foster if Pieper could search the vehicle. Foster refused to consent. Pieper informed Foster that he was not under arrest but that he would not be allowed to drive his car away until the officers determined whether Foster was licensed to drive. At that point, Foster began to walk away, but Pieper told him he was not free to leave at all until the driver's license check was completed. Shortly thereafter, Officer Ross was informed by radio that Foster's driver's license had been suspended. Foster was then told he was under arrest for driving while his license was suspended. A scuffle ensued, and Foster was taken to the ground and handcuffed. When Foster was informed that he was under arrest, he was standing to the rear of the automobile. Agent Pieper estimated that Foster was about fourteen feet away from the vehicle when he was wrestled to the ground and handcuffed. After the arrest, the officers conducted a thorough search of Foster's vehicle and found marijuana, cocaine

and miscellaneous items of drug paraphernalia.

Foster was charged with felony possession of a controlled substance (cocaine), I.C. § 37–2732(c), and three misdemeanors: possession of a controlled substance (marijuana), I.C. § 37–2732(c); battery on a law enforcement officer, I.C. § 18–903(a); and resisting an officer. I.C. § 18–705. Foster filed a motion to suppress the drugs and paraphernalia seized from his vehicle, asserting that the warrantless search of the car did not constitute a valid inventory search or search incident to arrest and, therefore, the search violated the Fourth Amendment proscription of unreasonable searches and seizures. The district court denied Foster's motion, holding that the officers had a legal right to impound Foster's automobile and conduct an inventory search. The district court did not address whether the search was a lawful search incident to Foster's arrest.

Foster thereafter entered a conditional guilty plea to the charges of possession of cocaine and battery on a law enforcement officer, reserving his right to appeal the court's order denying his motion to suppress. The remaining charges were dismissed. Foster now appeals, contending that the trial court erred in denying the suppression motion. Foster maintains that the search cannot be justified as an inventory search because there was no reasonable justification for impoundment of his automobile and that the search was not a valid search incident to arrest because he was not an occupant of the vehicle when he was arrested.[1]

## II.

## ANALYSIS

■ When a decision on a suppression motion is challenged, we accept the trial court's factual findings if they are supported by substantial evidence, but we freely review the application of constitutional principles to the facts found. *State v. Aitken*, 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct.App.1992); *State v. Emory*, 119 Idaho 661, 662, 809 P.2d 522, 523 (Ct.App.1991); *State v. Shepherd*, 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App. 1990). The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search. *Id.* at 124, 795 P.2d 15.

■ The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 900 P.2d 196 (1995); *State v. McIntee*, 124 Idaho 803, 864 P.2d 641 (Ct.App.1993); *State v. Wight*, 117 Idaho 604, 790 P.2d 385 (Ct.App. 1990). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Weaver*, 127 Idaho at 290, 900 P.2d at 198; *McIntee*, 124 Idaho at 804, 864 P.2d at 642.

### A. Inventory exception

■ We consider first the district court's holding that the police lawfully impounded and conducted an inventory search of Foster's vehicle. Warrantless inventory searches following impoundment, when conducted in compliance with standard and established police procedures, and not as a pretext for criminal investigation, do not offend Fourth Amendment strictures against unreasonable searches and seizures. *Colora-*

---

1. The State vigorously argues that Foster may not raise these issues on appeal because they were not argued by his attorney below. This argument is ill-founded. When a warrantless search has been conducted it is the State's burden, not that of the defendant, to identify exceptions to the warrant requirement that may apply. In this case, the prosecutor argued at the close of the suppression hearing: "It's clear, first of all, that this is a search incident to arrest. The defendant arrived in the vehicle. There is a substantial nexus between the automobile and the arrest. Second of all, it's clear that this is a permissible impound search." In addition, Foster's motion alleged, as grounds for suppression of the evidence, "that such search did not constitute either a valid inventory search or a valid search incident to a lawful arrest." The applicability of these exceptions to the warrant requirement was therefore a question before the district court.

*do v. Bertine,* 479 U.S. 367, 374, 107 S.Ct. 738, 742, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman,* 428 U.S. 364, 374–75, 96 S.Ct. 3092, 3099–3100, 49 L.Ed.2d 1000 (1976); *Weaver,* 127 Idaho at 291, 900 P.2d at 199; *State v. Smith,* 120 Idaho 77, 80–81, 813 P.2d 888, 891–92 (1991). Inventory searches of lawfully impounded vehicles serve three purposes: the protection of the owner's property while it remains in police custody, the protection of the police against claims or disputes over lost or stolen property and the protection of the police and others from dangerous instrumentalities that may be found in the vehicle. *Bertine,* 479 U.S. at 373, 107 S.Ct. at 741; *Opperman,* 428 U.S. at 369, 96 S.Ct. at 3097.

■■■ Although inventory searches of impounded vehicles' contents constitute an exception to the warrant requirement, an inventory search is not valid unless the police first obtain lawful possession of the vehicle. Our Supreme Court recently stated in *Weaver,* 127 Idaho at 291, 900 P.2d at 199:

> An impoundment of a vehicle constitutes a seizure and is thus subject to the limitations of the Fourth Amendment. If the impoundment violates the Fourth Amendment, the accompanying inventory is also tainted, and evidence found in the search must be suppressed.

An impoundment will be found to comply with Fourth Amendment standards only if it was "reasonable under all the circumstances known to the police when the decision to impound was made." *Id.*

The standard against which we evaluate the reasonableness of police conduct in a seizure context was articulated by the Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and reiterated by our Supreme Court in *State v. Hobson,* 95 Idaho 920, 523 P.2d 523 (1974):

> [T]he officer's conduct must be judged against an
>
> > "Objective standard: would the facts available to the officer at the moment of the seizure or search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate? [Citations omitted]. Anything less would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches.... [Citations omitted]. And simple 'good faith on the part of the ... officer is not enough'.... If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers and effects,' only in the discretion of the police."

95 Idaho at 925, 523 P.2d at 528, *quoting Terry,* 392 U.S. at 22, 88 S.Ct. at 1880. *See also Weaver, supra.*

Compliance with this standard has been found, and the impoundment deemed reasonable, where impoundment of an automobile following the driver's arrest was reasonably necessary to prevent a traffic hazard or to protect the vehicle from risk of damage or theft. *Smith,* 120 Idaho at 80–81, 813 P.2d at 891–92; *State v. Bray,* 122 Idaho 375, 834 P.2d 892 (Ct.App.1992), *cert. denied,* 507 U.S. 916, 113 S.Ct. 1272, 122 L.Ed.2d 667 (1993); *Dept. of Law Enforcement v. $34,000 U.S. Currency,* 121 Idaho 211, 214–16, 824 P.2d 142, 145–47 (Ct.App.1991). Our Supreme Court found impoundment unreasonable, however, where the police impounded an automobile after arresting the driver without first making an inquiry which would have revealed that a passenger, who was not arrested, was the owner of the vehicle, had a valid driver's license and was able to drive and take responsibility for the automobile. *Weaver, supra.*

In Foster's case, the State has presented no justification for the officers' decision to impound the automobile. Foster's car was parked off the street on a private driveway at a duplex rented by an acquaintance of Foster. It was not illegally parked or interfering with traffic. There is no evidence that the duplex tenant or owner objected to the vehicle's remaining temporarily on the driveway. The police had no reason to believe the vehicle was stolen or abandoned or that it was at risk of theft or damage. The State therefore did not meet its burden of proving that the decision to impound was reasonable, and the district court, which did not have the

benefit of the Idaho Supreme Court's recent decision in *Weaver*, erred in holding that the search fell within the inventory exception to the Fourth Amendment's warrant requirement.

## B. Search Incident to Arrest

 If the reason expressed by a trial court for its decision is erroneous, the trial court's action will nonetheless be upheld on appeal if an alternative legal basis supports it. *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991); *State v. Morris*, 119 Idaho 448, 450, 807 P.2d 1286, 1288 (Ct.App.1991). Therefore, we must consider whether the search of Foster's car can be found valid as a search incident to Foster's arrest. Foster maintains that the search was not a permissible search incident to arrest because he was not occupying the car when the arrest occurred.

 A search incident to lawful arrest is among the well-recognized exceptions to the Fourth Amendment's warrant requirement. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *McIntee*, 124 Idaho at 804, 864 P.2d at 642. In *Chimel*, the United States Supreme Court held that because the justification for a search incident to arrest is the need to prevent the arrestee from obtaining a weapon or destroying evidence, such a search may extend only to "the arrestee's person and the area 'within his immediate control,'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040.

Subsequently, in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court applied the *Chimel* principles to the arrest of the occupant of an automobile.[2] The Court noted the difficulty that lower courts had encountered in attempting to apply the *Chimel* standard to the search of an automobile incident to the

lawful arrest of its occupants. *Belton*, 453 U.S. at 460, 101 S.Ct. at 2864. In order to establish a workable rule for this circumstance, the Court held that, "when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id*. *Belton* thus fashioned from the search incident to arrest doctrine developed in *Chimel* a bright-line rule for automobile search cases.

The *Belton* court emphasized, however, that the clear-cut rule announced in that case extended only to the factual context there presented: "Our holding today does no more than determine the meaning of *Chimel's* principles in this particular and problematic context. It in no way alters the fundamental principles established in the *Chimel* case regarding the basic scope of searches incident to lawful custodial arrests." *Id*. at 460 n. 3, 101 S.Ct. at 2864 n. 3.

Although the *Belton* rule has been applied in Idaho cases where the police initiated contact with or arrested the defendant while the defendant was within the later-searched automobile, *e.g.*, *State v. Wheaton*, 121 Idaho 404, 825 P.2d 501 (1992); *Smith*, 120 Idaho 77, 80, 813 P.2d 888, 891 (1991); *State v. Calegar*, 104 Idaho 526, 530, 661 P.2d 311, 315 (1983); *McIntee*, 124 Idaho at 805, 864 P.2d at 643, our appellate courts have not previously been required to address the issue now posed—the extent to which *Belton's* approval of passenger compartment searches incident to arrest may apply when the defendant was not in the automobile at the time of apprehension or arrest.

Authorities from other jurisdictions are in disagreement on this issue. A number of jurisdictions hold that an arrestee is an "occupant" of a vehicle—and that a passenger compartment search is therefore permissible incident to the arrest—only where the police arrest or at least make initial contact with the defendant while the defendant is inside

2. In *Belton* a state trooper had signalled the driver of an automobile to stop for exceeding the speed limit. After noticing an envelope on the floor of the automobile which he associated with marijuana and after smelling burnt marijuana, the trooper ordered the four occupants out of the

car, placed the men in separate locations so they could not touch one another, and placed each under arrest for possession of marijuana. The officer's search of the passenger compartment of the vehicle yielded a jacket belonging to Belton that contained cocaine.

the automobile. Those authorities include *United States v. Hudgins,* 52 F.3d 115 (6th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995) (where defendant voluntarily exited the auto and began walking away before police initiated contact, *Belton* not applicable and *Chimel* standard applies); *United States v. Strahan,* 984 F.2d 155 (6th Cir.1993) (police observed defendant exit his vehicle and apprehended him walking thirty feet away; *Belton* applies only where police initiate contact while defendant is in car); *Lewis v. United States,* 632 A.2d 383 (D.C.1993) (search of vehicle which defendant had parked, locked and walked away from not justified; *Belton* limited to situations where police confront or at least signal confrontation while defendant is occupying automobile); *United States v. Fafowora,* 865 F.2d 360 (D.C.Cir.1989), *cert. denied,* 493 U.S. 829, 110 S.Ct. 98, 107 L.Ed.2d 62 (1989) (*Belton* doesn't apply where officers saw defendants in vehicle but defendants were walking approximately one car length away when arrested); *State v. Vanderhorst,* 419 So.2d 762 (Fla.App.1982) (defendant was attaching tow rope to his vehicle when police approached and arrested him for DUI; held *Belton* rule not applicable); *People v. Williamson,* 241 Ill.App.3d 574, 181 Ill.Dec. 692, 608 N.E.2d 943 (1993) (*Belton* not applicable when defendant not in vehicle prior to arrest); *People v. Kolody,* 200 Ill.App.3d 130, 146 Ill.Dec. 626, 558 N.E.2d 589 (1990) (because defendant was standing beside car and was not passenger or driver just before arrest, *Chimel* standard applies); *Commonwealth v. Santiago,* 410 Mass. 737, 575 N.E.2d 350 (1991) (search did not qualify as search incident to arrest because defendant had already exited automobile by time officers apprehended him); *Smith v. State,* 759 S.W.2d 163 (Tex.App. 1988) (defendant not occupant under *Belton* because defendant was standing next to right front fender of vehicle when officers detained him).

Authorities defining "occupant" more broadly in applying *Belton* include *United States v. Bautista,* 731 F.2d 97 (1st Cir.1984) (defendant arrested after he approached car and unlocked door; in upholding search, court cites *Belton* but places considerable emphasis upon arrestee's actual control because he was standing beside open door and could have reached into passenger compartment); *United States v. Schecter,* 717 F.2d 864 (3rd. Cir.1983) (without discussing whether defendant could be deemed "occupant," court applied *Belton* where officer came upon accident scene and found intoxicated defendant stumbling about outside vehicle); *United States v. Arango,* 879 F.2d 1501 (7th Cir.1989), *cert. denied,* 493 U.S. 1069, 110 S.Ct. 1111, 107 L.Ed.2d 1019 (1990) (defendant, who was detained while walking away from his vehicle, fled, was arrested one block from vehicle, and was then returned to vicinity of vehicle by police, was occupant under *Belton* ); *United States v. Riedesel,* 987 F.2d 1383 (8th Cir.1993) (where defendant arrested while immediately next to his car and, after being told he was under arrest, was allowed to enter his car to lock it, subsequent search was valid as incident to arrest); *United States v. Franco,* 981 F.2d 470 (10th Cir.1992) (in the course of drug transaction with undercover agent, defendant who exited, re-entered and again exited his vehicle was deemed recent occupant under *Belton* even though arrest took place within government vehicle); *State v. McLendon,* 490 So.2d 1308 (Fla.Dist.Ct.App.1986), (extending *Belton* to justify search where driver was arrested twenty to thirty feet away from vehicle).

We find more persuasive the rationale of those authorities holding that *Belton* applies only if the defendant was physically occupying the vehicle when he was arrested or when police contact was initiated. The objective and the virtue of the *Belton* decision was to obviate uncertainty in applying the *Chimel* "lunge area" rule to automobile searches. *Belton* simplified the task of law enforcement personnel and the courts by declaring that the entire passenger compartment would be deemed within the arrestee's reach, and thus subject to search, when a vehicle occupant is arrested. As the Ninth Circuit Court of Appeals recognized in *United States v. Vaughan,* 718 F.2d 332 (9th Cir.1983), extending *Belton* to situations far removed from the facts presented in that case would reintroduce the vagueness and uncertainty that the *Belton* court sought to

**730**

remove. The Ninth Circuit observed: "Any extension beyond the exact limits set by *Belton* ... would open a new set of temporal and spatial uncertainties, as well as increase the likelihood of unjustified invasion of the privacy of individuals." Similarly, the District of Columbia Court of Appeals remarked in *Lewis v. United States*, 632 A.2d at 388:

To extend the definition of "occupant" to include a person who has parked, locked and walked fifteen to twenty feet away from an automobile before being stopped and arrested, and, therefore, to consider that automobile subject to a warrantless search incident to arrest, would, as *amicus* suggests, indelibly blur the bright-line rule that the Supreme Court painstakingly drew in *Belton*. Indeed, it would defeat the whole purpose of having a bright-line rule, which, in reality, would be severed, without any limiting principle, from the foundation of its rationale in *Chimel*. (Citations omitted).

We are also cognizant of a cardinal principle of Fourth Amendment jurisprudence that exceptions to the warrant requirement must be "jealously and carefully drawn." *See Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Accordingly, we conclude that the *Belton* objectives and Fourth Amendment principles are best served by limiting *Belton's* application to searches of automobiles that were occupied by the defendant at the time of arrest or when the police signalled the driver to stop or when contact between the police and the defendant was otherwise initiated.

The search of Foster's vehicle does not meet this standard for a permissible search incident to arrest. Foster had left his vehicle and had walked to the duplex entrance before coming into contact with police officers. Although Foster had re-entered his vehicle to retrieve identification at the officers' request, when arrested several minutes later he was standing outside and at some distance behind the vehicle.

Because the *Belton* rule does not apply to the search of Foster's vehicle, the search was valid only if it meets the *Chimel* "lunge area" test. The State has not shown that at the time of Foster's arrest the vehicle's passenger compartment was an area within his immediate control from which he could have drawn a weapon or attempted to conceal or destroy evidence. Consequently, we hold that the search of Foster's vehicle was not a lawful search incident to his arrest, and all evidence obtained through the unlawful search should have been suppressed as violative of the Fourth Amendment.

In view of our conclusion that the search of Foster's vehicle violated the Fourth Amendment to the United States Constitution, we need consider neither Foster's assertion that Art. I, § 17 of the Idaho Constitution provides greater protection from such searches than its federal counterpart, nor the State's argument that Foster failed to raise the Idaho constitutional argument below.

### III.

### CONCLUSION

In responding to Foster's motion to suppress evidence the State did not meet its burden of proving that the search of Foster's vehicle fell within a recognized exception to the warrant requirement or was otherwise reasonable in view of the surrounding circumstances. Therefore, Foster's motion should have been granted. We vacate the judgment of conviction and remand the case to the district court for further proceedings in accordance with this opinion.

WALTERS, C.J., and PERRY, J., concur.