52 P.3d 321

**STATE of Idaho,**

v.

**Terena CHAMPAGNE.**

**No. 27037.**

Court of Appeals of Idaho.

May 20, 2002.

Review Denied Aug. 22, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Charles Isaac Wadams,

Deputy Appellate Public Defender, Boise, for appellant. Charles Isaac Wadams argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

Terena Champagne appeals from her judgments of conviction for possession of methamphetamine and possession of drug paraphernalia. Champagne argues the district court erred when it denied her motion to suppress and found that the search of her vehicle was a lawful search incident to arrest. We affirm.

Champagne was driving to a grocery store at approximately 3 a.m. when an officer traveling in the opposite direction passed her and noticed that her front license plate was missing. The officer, realizing that the state of Idaho requires all vehicles to display both a front and rear license plate,[1] turned around and followed Champagne's vehicle into the store parking lot. The officer did not activate his overhead lights, but followed Champagne until she parked her car in front of the store. The officer stopped his patrol car approximately 20 to 30 feet behind Champagne's car in one of the parking lot's lanes of traffic.

As Champagne exited her vehicle, the officer approached her. Champagne stood in the area between the open driver's door and the interior of the car as the officer announced who he was and asked where the vehicle's front license plate was. Champagne stated that the car was a gift and that she was still in the process of registering the vehicle. The officer asked Champagne if she had her driver's license, vehicle registration, and proof of insurance. Champagne was only able to produce her driver's license and, after giving it to the officer, asked if she could go into the store to do her shopping. The officer retained the driver's license and allowed Champagne to enter the store.

While Champagne was in the store, the officer asked the police dispatcher to run a check on Champagne's name. The dispatcher reported that Champagne's driving privileges in Idaho were suspended. When Champagne returned from the store the officer asked her if she knew her driving privileges were suspended. Champagne responded that she was aware of that. This conversation took place approximately 2 to 3 feet away from Champagne's car. The officer placed Champagne under arrest for driving without privileges and placed her in the back of his patrol car.

The officer then searched Champagne's car and found methamphetamine and drug paraphernalia. Champagne was charged with possession of a controlled substance, I.C. § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A; and driving without privileges (DWP), I.C. § 18-8001. Champagne filed a motion to suppress the items seized from her car arguing that, pursuant to this Court's opinion in *State v. Foster*, 127 Idaho 723, 905 P.2d 1032 (Ct.App. 1995), the search of her car was not a valid search incident to arrest. The district court denied the motion, concluding that it was a valid search. A jury trial was held, and Champagne was found guilty of all three offenses. Champagne appeals.[2]

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

Champagne does not allege that the Idaho Constitution provides any greater coverage in this case than the United States

---

1. *See* I.C. § 49-428.

2. Champagne does not appeal from her judgment of conviction for DWP.

Constitution, so we will consider her claims in light of the law interpreting the United States Constitution. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* A search incident to lawful arrest is among the well-recognized exceptions to the Fourth Amendment's warrant requirement. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–2040, 23 L.Ed.2d 685, 693–694 (1969); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993).

Champagne contends that the district court erred in denying her motion to suppress. She argues that in *Foster*, this Court extended the rule enunciated in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)—allowing the search of a vehicle and its passenger compartment incident to an arrest—to only those situations where a defendant is occupying a vehicle when contact between the police and a defendant is initiated. Champagne asserts that she had opened the car door, was standing between the open car door and the interior of the car at the time the officer first spoke to her, and was not occupying the vehicle when contact was initiated. Champagne challenges only the reasonableness of the search, not the legality of her arrest.

In *Belton*, the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775 (footnote omitted). The Court also extended the right to search incident to arrest to any containers found within the passenger compartment of the vehicle if the passenger compartment is within the reach of the arrestee. *Id.* Idaho courts have adopted the *Belton* rule. *See*

*State v. Calegar*, 104 Idaho 526, 530, 661 P.2d 311, 315 (1983).

*Foster* involved a man who drove to a friend's duplex for a visit. Foster parked in the driveway of the duplex and walked to the front door. When Foster knocked, the door was answered by a special agent of the Idaho Bureau of Narcotics. The agent and other law enforcement personnel were there to arrest the duplex's resident on drug charges. The agent asked Foster to come inside and then questioned Foster as to why he was there and whether he had any identification. Foster stated he had identification in his car, and two agents accompanied him to the car to retrieve the identification. Foster retrieved an identification card from the passenger compartment of the car and obtained a business card from the trunk. The agent asked Foster for consent to search his car and Foster refused. The agent told Foster that Foster was not under arrest but would not be allowed to drive the vehicle away until a driver's license check was completed. At that point Foster began to walk away and the agent told Foster that he was not free to leave until the license check was complete. Another officer was informed that Foster's driver's license was suspended, and Foster was placed under arrest for DWP. Foster was standing near the rear of the vehicle when he was informed that he was under arrest. A scuffle ensued and Foster was taken to the ground and handcuffed approximately fourteen feet away from the car. After the arrest, officers conducted a thorough search of Foster's car and found controlled substances and items of drug paraphernalia. Foster was thereafter charged with possession of a controlled substance and other offenses.

Foster filed a motion to suppress, arguing that the warrantless search of his car did not constitute a valid inventory search or search incident to arrest. The district court denied the motion, holding that the search constituted a valid inventory search. On appeal, this Court reversed the district court's ruling, finding the inventory search exception inapplicable. This Court then examined the *Belton* rule and its application to situations where the defendant was not in the car at the

time of apprehension or arrest. After an examination of case law from other jurisdictions, this Court concluded:

[T]he *Belton* objectives and Fourth Amendment principles are best served by limiting *Belton's* application to searches of automobiles that were occupied by the defendant at the time of arrest or when the police signalled the driver to stop or when contact between the police and the defendant was otherwise initiated.

*Foster,* 127 Idaho at 730, 905 P.2d at 1039. This Court reversed Foster's judgment of conviction, holding that the search was also unjustified under search incident to arrest exceptions to the warrant requirement because Foster had left his vehicle and walked to the front door of the duplex before coming into contact with law enforcement. *Id.*

We conclude that this case is distinguishable from *Foster.* Here, it was approximately 3 a.m. when the officer passed Champagne's vehicle going in the opposite direction, turned his patrol car around, and followed Champagne's vehicle into a relatively empty parking lot. Contact was "otherwise initiated" not later than the point when the officer parked his car behind Champagne's car in a near-empty parking lot at 3 a.m. This action by the officer was sufficient to convey his intent to initiate interaction with Champagne. Champagne was still inside her car at that point.

Champagne also argues that the officer's right to conduct a search of her vehicle incident to arrest ended when the officer allowed her to enter the grocery store. However, Champagne cites us to no authority or case law for the proposition that, because she was allowed to briefly leave the immediate area of the vehicle and was only arrested upon her return to that area, the *Belton* rule no longer applied. Rather, in situations where the defendant was inside the vehicle when contact was initiated and later arrested a number of feet away from the vehicle, the courts of this state have consistently held that *Belton* does apply.

This Court has held that a search of a vehicle incident to arrest was not invalidated by the defendant's removal from the scene prior to commencement of the search. *See*

*State v. McIntee,* 124 Idaho 803, 864 P.2d 641 (Ct.App.1993). In another case this Court held that a hasty exit from the automobile after an officer has initiated contact does not enable a suspect to avoid a search of the passenger compartment incident to arrest. *See State v. Harris,* 130 Idaho 444, 942 P.2d 568 (Ct.App.1997). The Idaho Supreme Court has held that when a defendant, following a traffic stop, has been removed from a vehicle, handcuffed and placed in a patrol car, officers may search the passenger compartment of a vehicle, including containers, as an incident of that traffic arrest. *See State v. Charpentier,* 131 Idaho 649, 962 P.2d 1033 (1998). The search in this case is likewise justified under *Belton.* When Champagne returned to the car after doing her shopping, she was only 2 to 3 feet away and was, therefore, within immediate reach of the vehicle. Although she was allowed to momentarily enter the store prior to her actual arrest, Champagne was still an occupant of the vehicle at the time contact was initiated by the officer. During the period that Champagne was in the store, the officer retained Champagne's driver's license at her vehicle awaiting her return.

We conclude that Champagne was occupying the vehicle at the time the officer initiated contact and that the contact was not vitiated by the brief permissive entry into the store. Therefore, when Champagne exited the store and was arrested near the vehicle, the search of her car was a valid search incident to arrest. Champagne's judgments of conviction for possession of a controlled substance and possession of paraphernalia are affirmed.

Judge LANSING and Judge GUTIERREZ, concur.