IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36390

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 403 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 15, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIELLE LOTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction for felony possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Danielle Lott appeals from her judgment of conviction entered upon her conditional guilty plea to felony possession of methamphetamine. Specifically, she appeals from the district court's denial of her motion to suppress. We affirm.

I.

FACTS AND PROCEDURE

On September 9, 2008, Officer Tyler Teuscher of the Chubbuck Police Department responded to a report of a suspected theft from a store in the Pine Ridge Mall. The store clerk told Officer Teuscher she believed two individuals, who she knew as "Teddy Hamann" and "Danielle Ruiz,"[1] stole a pair of shorts from the store. The clerk also provided a description of

_____

[1] "Danielle Ruiz" is apparently Lott's current married name. The transcript in this case occasionally refers to her as Danielle Ruiz, but the district court documents refer to her as Danielle Lott.

the vehicle the pair left in. As Officer Teuscher left the mall, he spotted a vehicle matching the description and executed a traffic stop. The driver identified himself as Roman Hamann and the passenger stated she was Danielle Lott. Lott admitted she had been in the store in question, but showed Officer Teuscher receipts indicating she had made purchases from the store.

Upon investigating further, Officer Teuscher learned the driver was actually Theodore Hamann and he had an active warrant for his arrest. After he was informed he would be arrested, Hamann fled from the car into the mall. Officer Teuscher pursued Hamann, while another officer stayed with Lott, who continued to sit in the passenger seat. After approximately ten to fifteen minutes, Officer Teuscher found Hamann in a store in the mall, hiding under a clothing rack, approximately 200 yards away from the vehicle. The officer also found a glass pipe used for ingesting methamphetamine in the immediate vicinity and found the allegedly stolen shorts on Hamann's person.[2] Hamann was escorted back to the vicinity of the vehicle and secured in an officer's patrol car. Officer Teuscher then instructed Lott to exit the vehicle, and once Lott was standing near the rear of the car, he informed her that he intended to search the vehicle incident to Hamann's arrest. Lott objected and told the officer she wanted to retrieve her purse, which she had left on the back seat.[3] Officer Teuscher denied the request and as she moved toward the car, grabbed her wrists to prevent her from accessing the purse.

---

[2]    The record is unclear as to exactly when the shorts were found on Hamann's person.

[3]    As Lott notes, the record contains some conflicting statements by Officer Teuscher as to when Lott attempted to remove her purse from the vehicle. Specifically, at the preliminary hearing, Officer Teuscher answered in the affirmative when asked whether, at the time Lott exited the vehicle, she requested that she be allowed to take her purse with her and when asked whether she had been required to leave her purse inside the vehicle. However, at the motion to suppress hearing, he testified it was not until Lott exited the vehicle and was told the vehicle was to be searched that she expressed a desire to retrieve her purse. At the motion to suppress hearing, the district court noted the ambiguity and asked Officer Teuscher several questions to clarify the issue, after which Officer Teuscher affirmed his testimony that Lott had not requested her purse until after she exited the vehicle. In its denial of the motion to suppress, the district court made the following finding of fact:

> In the video [Lott] does not appear to engage in any conversation with Teuscher as she exits the Cadillac. When Teuscher informed [Lott] that they would be searching the vehicle incident to the lawful arrest of [Hamann] she became upset and told police they would not search the Cadillac. [Lott] turned towards the Cadillac saying that she needed her purse.

2

Officer Teuscher searched the vehicle, including the purse, and found methamphetamine and paraphernalia in the purse. Lott was charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1). She filed a motion to suppress all evidence seized from her purse, contending the search was not a valid search incident to Hamann's arrest. Following a hearing, the district court denied the motion and Lott entered a conditional guilty plea, retaining the right to appeal the denial of her motion to suppress. Lott now appeals.

## II.

## ANALYSIS

Lott contends the district court erred in denying her motion to suppress because the search violated the Fourth Amendment to the United States Constitution. Specifically, she argues the district court erred in finding this was a proper search incident to arrest because Hamann was not arrested near the vehicle.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Newman*, 149 Idaho 596, 599, 237 P.3d 1222, 1225 (Ct. App. 2010). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Weaver*, 127 Idaho at 290, 900 P.2d at 198; *Newman*, 149 Idaho at 599, 237 P.3d at 1225.

One such established exception is a search incident to arrest. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000). Until recently, it was well settled that pursuant to this exception, when a police officer made a lawful custodial arrest of a vehicle occupant, he could, as a contemporaneous incident of that arrest,

3

search the passenger compartment of that vehicle, as well as examine the contents of any containers found within the passenger compartment. *New York v. Belton*, 453 U.S. 454, 460 (1981); *State v. Charpentier*, 131 Idaho 649, 652-53, 962 P.2d 1033, 103-37 (1998). However, in *Gant*, issued after the search at issue in this case, the United States Supreme Court clarified this exception, holding that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. *Gant*, 556 U.S. at 335. Rather, an automobile search incident to a recent occupant's arrest is constitutional only (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe the vehicle contains evidence relevant to the crime of arrest. *Id*. at 351.

Most recently, in *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011), the Supreme Court examined whether *Gant's* clarification of *Belton* applies retroactively to searches conducted prior to *Gant's* issuance. The *Davis* Court concluded, given the rationale behind the exclusionary rule, application of the rule was not appropriate to invalidate a search officers conducted in compliance with *Belton* prior to *Gant's* issuance. *Davis*, ___ U.S. at ___, 131 S. Ct. at 2419. Specifically, the Court held that for this exception to apply, the State must prove (1) objectively reasonable reliance on prior case law on the part of the officer conducting the search, and (2) that the precedent relied upon was binding and provides clear legal sanction for the search at the time it was conducted. *Id*. at ___, 131 S. Ct. at 2428-29.

In denying the motion to suppress, the district court, without the benefit of either *Gant* or *Davis*, found the search of the vehicle was a valid search incident to arrest pursuant to *Belton*.[4]

---

[4] After finding the search of the vehicle in general was allowable under *Belton*, the district court examined whether the search of Lott's purse specifically was permissible. The court first noted that in general under *Belton*, an officer may search the entire passenger compartment, including any containers found therein. *Belton,* 453 U.S. at 460-61. However, it recognized that authority to search did not necessarily extend to the search of a passenger's purse. *See State v. Newsom*, 132 Idaho 698, 700, 979 P.2d 100, 102 (1998) (holding that where Newsom, a passenger, had the purse on her lap when she was ordered to exit the vehicle but was then ordered by police to leave the purse in the vehicle, officers were not entitled to search the purse pursuant to a search incident to arrest of the driver because the police could not create a right to search a container by placing it within the passenger compartment of a car subject to search). In this case, however, the district court found Lott voluntarily exited the vehicle without her purse and it was only after she was told a search would be conducted that she attempted to reenter the vehicle to retrieve the purse--a scenario that does not preclude the search of a purse pursuant to *State v. Holland*, 135 Idaho 159, 163 15 P.3d 1167, 1171 (2000) (holding that defendant's purse

4

The district court first addressed the constitutionality of the search of the vehicle in general, later reaching the issue of the search of the purse specifically. As to the former, the court addressed Lott's argument that because Hamann's arrest occurred in the mall, and not within the immediate vicinity of the vehicle, the search of the vehicle was not incident to arrest. The court rejected this contention, noting that Officer Teuscher "was placing" Hamann under arrest as soon as Hamann exited the vehicle and it was Hamann's action of fleeing the scene that resulted in the arrest not actually being completed until several minutes later inside the mall. Even though Hamann fled while Officer Teuscher was attempting to make the arrest, the continued efforts to effect the arrest were still incident to the original traffic stop; therefore, it would be unreasonable, the district court surmised, to conclude that individuals facing arrest could avoid searches of their vehicle by fleeing the scene and being arrested away from the vehicle some time later.

Lott argues on appeal that the search of the vehicle was unlawful in light of the recent clarification of *Belton* in *Gant* regarding the proper scope of vehicle searches incident to the arrest of a recent occupant of the vehicle. In the alternative, she contends that even under *Belton*, the search was not a permissible search incident to arrest because Hamann was not a "recent" occupant of the vehicle and was arrested in the mall, and therefore, the good faith exception in *Davis* does not apply.

Here, even assuming the search of the vehicle itself would be impermissible under *Gant*, we conclude application of the exclusionary rule is not appropriate pursuant to *Davis*. As we noted above, the *Davis* Court held the good faith exception may apply to preclude exclusion of otherwise illegally obtained evidence if the State proves (1) objectively reasonable reliance on prior case law on the part of the officer conducting the search, and (2) that the precedent relied upon was binding and provides clear legal sanction for the search at the time it was conducted. *Davis*, ___ U.S. at ___, 131 S. Ct. at 2428-29.

After examining Idaho case law in effect at the time of the search, we agree with the district court that the search in this instance was permissible under *Belton*. The crux of Lott's

---

was validly searched incident to the officers' arrest of the driver of the vehicle, in which defendant was a passenger, where officers did not place defendant's purse in vehicle or order her to place it there, but instead when the defendant exited the vehicle she voluntarily left her purse behind).

On appeal, Lott does not challenge the applicability of *Holland* if *Davis* is applied to validate the search under *Belton*. Thus, we do not address the merits of this district court's finding on this issue.

argument is that the temporal and spatial distance between Hamann and the vehicle when he was apprehended in the mall precludes application of the *Belton* rule allowing search incident to arrest. However, Idaho appellate court holdings predating *Gant* indicate otherwise.[5] In *State v. Harris*, 130 Idaho 444, 942 P.2d 568 (Ct. App. 1997), this Court addressed the propriety of a search incident to arrest where the arrestee was apprehended outside his vehicle. There, a woman called 911 to report she had received several threatening phone calls, a car was parked outside her house, and the occupant was holding a phone. When an officer arrived on the scene he saw a car parked in the middle of the road in front of the woman's house and Harris, the sole occupant, had a phone held to his ear. As Harris began to drive away, the officer activated his patrol car's overhead lights, but Harris continued to drive about three or four houses away and pulled into the driveway of his home. The officer pulled his car behind Harris's vehicle and watched as Harris bent down out of view momentarily, exited the car, and walked toward the house. The officer got out of his car and, before Harris could reach his house, asked him about the calls, which Harris admitted making. During a pat-down of Harris's person, the officer discovered a knife, cash, and methamphetamine. Harris was arrested and placed in the police car, after which time officers searched his car and found additional weapons, drugs, and cash.

On appeal, among other arguments, Harris contended the search of his vehicle was not a valid search incident to arrest. Specifically, he argued the search was unlawful under the standards enunciated in *State v. Foster*, 127 Idaho 723, 730, 905 P.2d 1032, 1039 (Ct. App. 1995), wherein this Court held that vehicles may be searched incident to arrest only if the vehicle was occupied by the suspect at the time of the arrest or when the police signaled the driver to stop or otherwise initiated contact. We noted, however, the officer had signaled Harris to stop by activating his overhead lights while Harris was still occupying the vehicle. We surmised, "A hasty exit from the automobile *after* an officer has initiated contact does not enable a suspect to avoid a search of the passenger compartment incident to arrest." *Harris*, 130 Idaho at 448, 942

---

[5]     Indeed, while not explicitly conceding the issue, in her opening brief Lott stated that prior to *Gant*, Idaho case law interpreted *Belton* "in very broad terms," upholding searches of automobiles incident to a recent occupant's arrest "when a defendant is nowhere near the vehicle, or if the defendant has been placed in a police car and is handcuffed at the time of the search, or even if the defendant had been transported away from the scene by police at the time of the search."

6

P.2d at 572. Therefore, we concluded the search of Harris's vehicle was permissible incident to his arrest. *Id*.

We addressed a somewhat similar issue in *State v. Champagne*, 137 Idaho 677, 52 P.3d 321 (Ct. App. 2002). There, Champagne was driving to a grocery store in the middle of the night when an officer traveling the opposite direction passed her and noticed her front license plate was missing. The officer turned around and followed Champagne's vehicle into the store parking lot, but did not activate his overhead lights. He stopped his patrol car approximately twenty to thirty feet behind Champagne's car in one of the parking lot's lanes of traffic. As Champagne exited her vehicle, the officer approached her. While she stood in the area between the open driver's door and the interior of the car, the officer questioned her about the license plate and asked for her driver's license, vehicle registration, and proof of insurance. She was only able to produce her license and after giving it to the officer, asked if she could go into the store to do her shopping. The officer agreed.

While Champagne was in the store, the officer discovered her driving privileges were suspended. When Champagne returned to the parking lot and stood approximately two to three feet from her vehicle, the officer questioned her. He then placed her under arrest for driving without privileges, placed her in the back of his patrol car, and searched the vehicle, finding drugs and paraphernalia. On appeal, Champagne argued the officer's right to conduct a search of her vehicle ended when the officer allowed her to enter the grocery store. We noted Champagne cited no authority or case law for the proposition that because she was allowed to briefly leave the immediate area of the vehicle and was only arrested upon her return to that area, the *Belton* rule no longer applied. *Champagne*, 137 Idaho at 680, 52 P.3d at 324. Rather, we noted, in situations where the defendant was inside the vehicle when contact was initiated and later arrested a number of feet away from the vehicle, Idaho courts have consistently held *Belton* does apply. *Champagne*, 137 Idaho at 680, 52 P.3d at 324. Specifically, we noted our holding in *Harris*, that a hasty exit from an automobile after an officer has initiated contact does not enable a suspect to avoid search of the passenger compartment incident to arrest, as well as our holding in *State v. McIntee*, 124 Idaho 803, 805, 864 P.2d 641, 643 (Ct. App. 1993), that the search of a vehicle incident to arrest was not invalidated by the defendant's removal from the scene prior to commencement of the search. We also noted our Supreme Court's holding in *Charpentier*, 131 Idaho at 652, 962 P.2d at 1036, that when a defendant, following a traffic stop, has been removed

from a vehicle, handcuffed and placed in a patrol car, officers may search the passenger compartment of a vehicle, including containers, as an incident of that traffic arrest. We surmised that although Champagne was allowed to momentarily enter the store prior to her actual arrest, she was still an occupant of the vehicle at the time contact was initiated by the officer and the officer's investigation was ongoing while she was in the store. *Champagne*, 137 Idaho at 680, 52 P.3d at 324. We concluded that where Champagne was occupying the vehicle at the time the officer initiated contact, the contact *"was not vitiated by the brief permissive entry into the store;"* thus, when Champagne exited the store and was arrested near the vehicle, the search of her car was a valid search incident to arrest. *Id*. (emphasis added).[6]

Based on this authority, we conclude that binding precedent at the time of the search clearly allowed Officer Teuscher to search the vehicle incident to arrest pursuant to *Belton* in this instance. There is no dispute that the officer's initial contact with Hamann and Lott occurred while they were in the vehicle and that Hamann was informed he was going to be arrested while still an occupant. We stated in *Harris* that a hasty exit from the automobile after an officer has initiated contact did not enable a suspect to avoid a search of the passenger compartment incident to arrest. The applicability of this principle was even more enhanced in this case where, unlike *Harris*, Hamann had already been informed--while he was still in the vehicle--that he was to be arrested. And, like in *Champagne*, a relatively brief absence from the scene--in this case as the result of an illegal fleeing of the scene--did not extinguish the officer's authority to search the vehicle incident to arrest.[7]

---

[6]    We recognize *Champagne* differs from the instant case in that Champagne was arrested near the vehicle, after having left and come back to the scene. However, our holding that where the officer initially made contact with her while she was occupying the vehicle, and that her brief absence from the scene did not extinguish this fact, remains applicable. It was not the fact that Champagne came back to the vicinity of the vehicle that was dispositive, but the fact the officer initiated contact while she was occupying the vehicle. A brief absence from the scene did not extinguish the officer's prerogative to search incident to her arrest.

[7]    Lott contends the search was not authorized under *Belton* pursuant to *Thornton v. United States*, 541 U.S. 615, 622 (2004), which defined "recent occupant" pursuant to the search incident to arrest exception as turning on the temporal and spatial relationship of the arrestee to the car. However, the question in *Thornton* was whether *Belton* applied where officers did not initiate contact with the defendant until after he was outside the vehicle and the Court's primary holding was that *Belton* was not so limited. *Thornton*, 541 U.S. at 622. The Court specifically did not reach the question of the spatial and temporal proximity of the arrestee to the car at the

8

We also conclude the remaining prong of *Davis* was met in this instance--that there was objectively reasonable reliance on prior case law on the part of the officer conducting the search. Lott contends the State failed to meet its burden in this respect, noting that while Officer Teuscher indicated he had conducted the search of Lott's purse as a search incident to arrest, he never indicated that he had conducted the search after consultation with case law specific to this warrant exception in order to assure the constitutionality of the search. Thus, Lott contends there was no reliance on case law, let alone "reasonable" reliance. Here, Officer Teuscher testified specifically that he conducted the search as a search incident to arrest, which demonstrated knowledge of *Belton*. We are aware of no authority--nor does Lott cite to any--that an officer must cite to the specific case(s) he relies upon to conduct the search. Nor is it tenable that this prong implies that an officer is required to have "researched" the issue in the context of the specific search. Such requirements urged by Lott are entirely inconsistent with the recognition that officers are conducting these searches in the field under generally stressful circumstances. Because Officer Teuscher testified he conducted this search as a search incident to Hamann's arrest--and there is no evidence of any other improper motivation--we conclude the second *Davis* prong was satisfied.

Accordingly, we conclude that, pursuant to *Davis*, it is not appropriate to apply the exclusionary rule in this context, and therefore, we affirm the district court's denial of Lott's motion to suppress. Consequently, we affirm the judgment of conviction entered upon Lott's conditional guilty plea to felony possession of methamphetamine.

Judge LANSING and Judge MELANSON **CONCUR.**

---

time of the arrest and subsequent search--focusing only on the narrow question of the arrestee's relationship to the vehicle at the time contact was initiated. *Id*. Thus, *Thornton* does not operate to invalidate a *Belton* search under the circumstances in this case where contact was clearly initiated while Hamann was inside the vehicle.