IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38667

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 667 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEVEN DOUGLAS MCBRIDE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Steven Douglas McBride appeals from his judgment of conviction entered upon his conditional guilty plea to possession of a controlled substance. Specifically, he challenges the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

McBride was driving his mother's vehicle, with Melissa Watson in the passenger seat, when they were pulled over on an interstate onramp by Lieutenant Stuart Miller of the Kootenai County Sherriff's Department (Department), who was investigating a report that McBride and Watson had been engaged in a physical altercation. Upon contacting McBride, Lieutenant Miller came to believe McBride was potentially under the influence of a controlled substance. McBride was arrested and after a competent driver could not be quickly found to remove the vehicle from the onramp, Lieutenant Miller decided to impound the vehicle. An inventory search was

performed, during which Lieutenant Miller found several syringes in a purse and in a zippered stuffed animal. Subsequently, Lieutenant Miller located drugs in the vehicle.

McBride was charged with possession of methamphetamine, driving under the influence, possession of marijuana, possession of drug paraphernalia, and a habitual offender enhancement. McBride filed a motion to suppress, asserting the warrantless search of the vehicle violated his constitutional rights. Following a hearing, the district court denied the motion in a written order. Pursuant to a plea agreement, McBride entered a conditional guilty plea to misdemeanor driving under the influence, Idaho Code § 18-8004, and felony possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1), in exchange for dismissal of the remaining charges and retaining his right to appeal the denial of his motion to suppress. The district court entered a judgment of conviction for each charge and imposed sentence. McBride now appeals the denial of his motion to suppress.

## II.

## ANALYSIS

McBride contends the district court erred by denying his motion to suppress because the impoundment (seizure) of his vehicle and the subsequent inventory search were unlawful. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Stewart*, 152 Idaho 868, 869, 276 P.3d 740, 741 (Ct. App. 2012). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Weaver*, 127 Idaho at 290, 900 P.2d at 198; *Stewart*, 152 Idaho at 869, 276 P.3d

2

at 741. Ultimately, the standard set forth in the Fourth Amendment is reasonableness. *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973); *Stewart*, 152 Idaho at 869-70, 276 P.3d at 741-42.

Inventory searches are a well-recognized exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983); *Stewart*, 152 Idaho at 870, 276 P.3d at 742; *State v. Owen*, 143 Idaho 274, 277, 141 P.3d 1143, 1146 (Ct. App. 2006). The legitimate purposes of inventory searches are: (1) the protection of the owner's property while it remains in police custody; (2) the protection of the State against false claims of lost or stolen property; and (3) the protection of police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369-70 (1976); *Stewart*, 152 Idaho at 870, 276 P.3d at 742. However, an inventory search must not be a ruse for general rummaging in order to locate incriminating evidence. *Florida v. Wells*, 495 U.S. 1, 4 (1990). Inventory searches, when conducted in compliance with standard and established police procedures and not as a pretext for criminal investigation, do not offend Fourth Amendment strictures against unreasonable searches and seizures. *Weaver*, 127 Idaho at 290, 900 P.2d at 198; *Stewart*, 152 Idaho at 870, 276 P.3d at 742.

## A.      Impoundment of the Vehicle

McBride's sole argument on appeal regarding the impoundment of his vehicle is that it was an unlawful seizure because the Department's impoundment policy allows deputies unfettered discretion to determine which vehicles to impound, and thus, there did not exist the requisite "standard criteria" upon which to base a valid decision to impound. In other words, McBride argues, because the policy allowed the deputy in this case unlimited discretion to determine whether to impound the vehicle, there was "no way to determine whether his decision to impound [the] vehicle was based on a community caretaker function or merely a ruse to circumvent the warrant requirement."

An inventory search is not valid unless the police first obtain lawful possession of the vehicle. *Stewart*, 152 Idaho at 870, 276 P.3d at 742; *State v. Foster*, 127 Idaho 723, 727, 905 P.2d 1032, 1036 (Ct. App. 1995). The Idaho Supreme Court has stated:

> An impoundment of a vehicle constitutes a seizure and is thus subject to the limitations of the Fourth Amendment. If the impoundment violates the Fourth Amendment, the accompanying inventory is also tainted, and evidence found in the search must be suppressed.

3

*Weaver*, 127 Idaho at 291, 900 P.2d at 199. An impoundment will be found to comply with Fourth Amendment standards only if it was reasonable under all the circumstances known to the police when the decision to impound was made. *Stewart*, 152 Idaho at 870, 276 P.3d at 742; *Foster*, 127 Idaho at 727, 905 P.2d at 1036. The initial decision to impound a vehicle following the operator's arrest is left to the discretion of the officer involved. *State v. Smith*, 120 Idaho 77, 80, 813 P.2d 888, 891 (1991); *Stewart*, 152 Idaho at 870, 276 P.3d at 742. In *Bertine*, 479 U.S. at 375, the United States Supreme Court held that police may exercise discretion in determining whether to impound a vehicle, provided that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.

At the suppression hearing, the State entered into evidence the Department's impoundment policy:

> It is the policy of the Operations Bureau to tow a vehicle whenever the driver is taken into custody. At the deputy's discretion, a competent driver may be located in cases where:
>
> 1. There is excessive property in the vehicle, making a complete inventory cumbersome and time consuming;
>
> 2. There are children involved;
>
> 3. Pets, valuable property or materials which need immediate care, i.e. frozen foods, hazardous materials, etc., are in the vehicle; or
>
> 4. At the discretion of the deputy with regards to other circumstances at the scene.
>
> Operations Bureau personnel WILL NOT lock and park any vehicle then leave it along side of the road or public parking area. Nor will personnel get into a vehicle and move it.
>
> Every time we allow a vehicle to sit at a location after an arrest, we incur a measure of liability for any damage or theft. The same holds true when a deputy moves or drives the vehicle themselves.
>
> Beginning immediately, we will release only to those people who are selected by the owner/operator, possess a valid driver's license, and have been identified and included in the report. All other vehicles will be towed.

McBride contends the exceptions to the general rule that all vehicles are to be impounded are problematic because they allow the deputy unlimited discretion to determine whether to forego impoundment, thus "swallow[ing]" the rule.

The district court rejected this argument below:

> It likely cannot be said the exceptions to the [policy's] directive that any vehicle of an arrested driver be towed swallow the rule. The [policy] contemplates that vehicles of arrested drivers be towed; but, a deputy **may** exercise his discretion and locate a competent driver where certain facts are present. And, if a deputy

4

opts to exercise his discretion and locate a competent driver, that individual must be selected by the owner/operator, must possess a valid driver's license, and must have been identified and included in the report. One of the reasons a deputy may exercise discretion and opt to locate a competent driver is where the vehicle contains excessive property making an inventory time-consuming or burdensome. The plain meaning of the [policy] indicates that inventories are taken when they are **not** deemed time-consuming or burdensome in a deputy's exercise of discretion. Leaving this decision to the discretion of the deputy does not result in inventories being illegal under any set of circumstance on one hand, nor does it result in the need for and attempt to locate a competent driver to evaporate on the other hand.

We agree with the district court. As the court pointed out, a deputy's discretion under the policy is not unchecked; rather, the deputy may only depart from the default position of impounding the vehicle in an exercise of the deputy's discretion given the circumstances at the scene *and* if the deputy locates a competent, approved driver to take possession of the vehicle. This ensures a vehicle is not left on the side of the road open to "damage or theft" as pointed out by the policy itself. This is exactly the sort of set criteria approved of in *Bertine*, which must limit an officer's discretion "on the basis of something other than suspicion of evidence of criminal activity." *Bertine*, 479 U.S. at 375. In this case, the criteria limiting a deputy's discretion clearly have the goal of protecting personal property and protecting the Department from liability. Therefore, the district court did not err in determining the Department's impound policy did not render the impoundment of McBride's vehicle constitutionally defective.

**B.      Inventory Search of the Vehicle**

McBride also contends the State failed to meet its burden to establish that the search of his vehicle, which included opening closed containers, was a valid inventory search. Specifically, he contends the State failed to establish the existence of a policy governing inventory searches.

To satisfy the Fourth Amendment, reasonable, standardized criteria or established routine must regulate inventory searches generally, and such criteria must specifically regulate the opening of closed containers found during an inventory search. *Wells*, 495 U.S. at 4; *Bertine*, 479 U.S. at 375; *Owen*, 143 Idaho at 277, 141 P.3d at 1146. As stated in *Wells*:

> Our view that standardized criteria . . . or established routine . . . must regulate the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory. The individual

5

police officer must not be allowed so much latitude that inventory searches are turned into a "purposeful and general means of discovering evidence of crime."

*Wells*, 495 U.S. at 4 (citations omitted) (quoting *Bertine*, 479 U.S. at 376).

Nothing prohibits the exercise of police discretion in opening containers found during inventory searches, so long as the discretion is exercised according to standard criteria. *Wells*, 495 U.S. at 3-4; *Owen*, 143 Idaho at 277, 141 P.3d at 1146. Therefore, a policy or standard criteria allowing an officer discretion to determine if a container should be opened, depending on the nature of both the search and the container, satisfies the Fourth Amendment just as would policies of opening all containers or of opening no containers. *Wells*, 495 U.S. at 4; *Owen*, 143 Idaho at 277, 141 P.3d at 1146.

On appeal, McBride contends there was "very little" evidence concerning a Department inventory policy. He does recognize, however, that at the preliminary hearing, the transcript of which the district court considered in regard to McBride's motion to suppress, the following evidence was elicited from Lieutenant Miller by the co-defendant's counsel:

| | |
|---|---|
| [Defense counsel]: | . . . Do you have a copy of a written Kootenai County Sheriff's Department standard policy on an inventory? |
| [Lieutenant Miller]: | Not with me, no. |
| [Defense counsel]: | Do you know if one exists? |
| [Lieutenant Miller]: | There's a general order that states on uh, inventory searches of vehicles, when you tow a vehicle. |
| [Defense counsel]: | Okay. And what's your understanding of what it says? |
| [Lieutenant Miller]: | [O]nce a party has been arrested from the vehicle that a full inventory including locked compartments will be opened. . . . [A]ll substances inside will be identified and secured in a manner . . . for the protection of the--the driver of the vehicle and the officer on the street and then the vehicle will be towed. |
| [Defense counsel]: | And that's the same in every arrest. |
| [Lieutenant Miller]: | Yes, sir. |
| [Defense counsel]: | Every arrest out of a vehicle gets an inventory search. |
| [Lieutenant Miller]: | Every arrest out of a vehicle. . . . [T]here are exceptions to . . . impounding vehicles, but any time that we impound a vehicle it gets . . . inventoried. |

McBride argues this testimony was "not clear" as to whether Lieutenant Miller was actually discussing an inventory policy separate from the impounding policy, the latter of which McBride contends did not sufficiently address the issue of inventory searches. We disagree. Lieutenant Miller's testimony clearly describes an *inventory* policy that all impounded vehicles are

6

subjected to an inventory search that includes the opening of locked containers, and McBride was free below to challenge Lieutenant Miller's assertion that such a policy existed. Given the evidence on the record, we reject McBride's contention that the State failed to establish the existence of such a policy and, therefore, that the district court erred in finding the inventory search constitutional.

## III.
## CONCLUSION

The district court did not err by determining the Department's impound policy did not render the impoundment of McBride's vehicle constitutionally defective; the policy sufficiently sets forth valid standard criteria that a deputy must consider in the exercise of his discretion. Also, McBride's contention that the State failed to establish that the Department had a valid policy concerning inventory searches of impounded vehicles fails because Lieutenant Miller clearly testified such a policy existed. Accordingly, the district court did not err in denying McBride's motion to suppress, and McBride's judgment of conviction for possession of a controlled substance is affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**