**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51324**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 13, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| DEVEN LEQUINT SAUVE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for unlawful possession of a firearm and possession of a controlled substance with the intent to deliver, <u>vacated</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Deven Lequint Sauve appeals from his judgment of conviction for unlawful possession of a firearm and possession of a controlled substance with the intent to deliver. For the reasons set forth below, we vacate Sauve's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours, an officer was parked outside a hotel known for drug activity when he saw a vehicle enter the parking lot. The officer observed the driver (Sauve) exit the vehicle, approach a hotel door, stand at the door for approximately one minute, and return to his vehicle. Sauve failed to signal or stop upon exiting the hotel parking lot, prompting the officer to initiate a traffic stop. Sauve subsequently pulled into the parking lot of a closed business, exited

1

the vehicle, and fled on foot. Another officer ultimately apprehended and arrested Sauve. Because Sauve's vehicle was parked in a private parking lot of a closed business, the officers decided to tow the vehicle. The officers conducted an inventory search before towing the vehicle, which revealed controlled substances, drug paraphernalia, firearms, and firearm accessories.

The State charged Sauve with unlawful possession of a firearm, possession of a controlled substance with the intent to deliver, possession of drug paraphernalia, resisting and obstructing an officer, and a persistent violator enhancement. Sauve filed a motion to suppress, arguing the decision to impound his vehicle was not reasonable and the subsequent inventory search was unlawful. Following a suppression hearing, the district court denied Sauve's motion, concluding the officer had reasonable articulable suspicion to justify the stop and that the decision to impound and the ensuing search of Sauve's vehicle was permissible under the inventory search exception to the warrant requirement. Sauve subsequently entered conditional guilty pleas to unlawful possession of a firearm (I.C. § 18-3316) and possession of a controlled substance with the intent to deliver (I.C. § 37-2732(a)), specifically reserving his right to challenge the denial of his motion to suppress. In exchange for his guilty pleas, the State dismissed the additional charges. Sauve appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Sauve argues the district court erred in denying his motion to suppress. Specifically, Sauve argues the district court "impermissibly flipped the burden of proof" when evaluating the officers'

purpose and decision to impound Sauve's vehicle. Sauve further contends that the district court erred in finding the officers' decision to impound the vehicle was reasonable because it relied on improper grounds in reaching that conclusion. Finally, Sauve asserts the State's evidence is "clearly insufficient to meet its burden to prove the inventory search was valid." The State responds that the district court correctly concluded that impounding and searching the vehicle did not violate Sauve's Fourth Amendment rights. We hold that the district court erred in finding the officers' decision to impound Sauve's vehicle reasonable.[1]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983); *State v. Owen*, 143 Idaho 274, 277, 141 P.3d 1143, 1146 (Ct. App. 2006). An inventory search must not, however, be "a ruse for general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990). Rather, inventory searches must be "conducted in compliance with standard and established police procedures and not as a pretext for criminal investigation." *Weaver*, 127 Idaho at 290, 900 P.2d at 198. The legitimate purposes of inventory searches include protecting: (1) the owner's property while it remains in police custody; (2) the State against claims of lost or stolen property; and (3) the police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976); *Weaver*, 127 Idaho at 290-91, 900 P.2d at 198-99.

Although an inventory search of an impounded vehicle constitutes an exception to the warrant requirement, an inventory search is not valid unless the police first obtain lawful possession of the vehicle. *State v. Stewart*, 152 Idaho 868, 870, 276 P.3d 740, 742 (Ct. App. 2012); *State v. Foster*, 127 Idaho 723, 727, 905 P.2d 1032, 1036 (Ct. App. 1995). An impoundment of a

---

[1]    Because we hold that the district court erred in finding the impoundment of Sauve's vehicle reasonable, we need not address the remainder of his arguments.

vehicle constitutes a seizure and is thus subject to the Fourth Amendment's limitations. *Weaver*, 127 Idaho at 291, 900 P.2d at 199. If an impoundment violates the Fourth Amendment, the accompanying inventory search is also tainted and evidence found in the search must be suppressed. *Id*. An impoundment complies with Fourth Amendment standards only if it was reasonable under all the circumstances known to the police when the decision to impound was made. *Id*. An officer's conduct in electing to impound a vehicle is judged against an objective standard. *Id*.

Sauve filed a motion to suppress the evidence found during the inventory search of his vehicle, asserting the officer did not have reasonable suspicion that a traffic violation occurred because he "was not in a position to witness whether a turn signal or brake lights illuminated at the rear of the vehicle." The district court disagreed and, relying on the officer's preliminary hearing testimony, determined that he witnessed Sauve commit "two traffic violations while leaving the [hotel]--failure to signal coming onto a roadway and failure to stop prior to leaving a parking lot onto a roadway." Because the officer witnessed these traffic violations, the district court concluded that "he possessed a reasonable and articulable suspicion that Sauve drove his vehicle in violation" of the law. Sauve also argued suppression was warranted because "the officers had no meaningful criteria to determine whether impounding the vehicle was necessary and that the subsequent search was a ruse to locate contraband." The district court discussed the officers' department policy, which addressed "impounding vehicles subsequent to arrest," and emphasized that Sauve made "no argument that the subsequent inventory search was not conducted in compliance with standard and established police procedures." As such, the district court concluded there was "no evidence that the vehicle inventory search failed to comply with the standard and established police procedures applicable in this case."

The district court also found there was "no evidence to support a finding that the inventory search and/or the decision to tow was made as a pretext for a criminal investigation." According to the district court, the officers' "decision to impound Sauve's vehicle was reasonable based upon the circumstances known to officers at the time the decision to impound the vehicle was made." The district court reasoned that, although "the vehicle was not a hazard" and "was parked in a parking lot," it was "parked in the parking lot of a private business, which was closed at the time, and the officer did not have permission from the business owner to have Sauve's vehicle parked

4

in the lot." The district court acknowledged that the officers "did not reach out to the business owner to see if the vehicle could remain in the parking lot" but explained that was "not something officers would typically do" given that the stop occurred in the early morning hours. Additionally, the district court noted that the "area was known for crime, which [was] why [the officer] was patrolling the area." The district court concluded that, "given the facts known to the officers at the time the decision to impound was made," the "decision was reasonable." As a result, the district court denied Sauve's motion to suppress.

Relying on *State v. Ramos*, 172 Idaho 764, 536 P.3d 876 (2023),[2] Sauve asserts that "the lack of evidence about whether the primary purpose behind the officers' decision to impound and inventory [Sauve's vehicle] should have weighed against the State." Without such evidence, and under the standard articulated in *Ramos*, Sauve contends the record shows that the State "failed to carry its burden to prove the warrantless search fell within the impound/inventory exception." We agree.

In *Ramos*, the Idaho Supreme Court analyzed law enforcement's community caretaking function when impounding a vehicle. The Court stated that whether impoundment of a vehicle is lawful, or reasonable under the circumstances, depends on if it constitutes "community caretaking" by law enforcement. *Id*. at 773, 536 P.3d at 885. In *Ramos*, law enforcement found an unattended vehicle parked near a public restroom with its windows down and trunk open. *Id*. at 767, 536 P.3d at 879. The vehicle was improperly parked, slightly over a no-parking line, but not obstructing traffic. *Id*. at 769, 536 P.3d at 881. The officer, who was familiar with the owner of the vehicle, discovered the owner had an outstanding felony warrant. *Id*. at 767, 536 P.3d at 879. Without obtaining a warrant to seize and search the vehicle, the officer impounded it and conducted an inventory search, which revealed drugs. *Id*. at 766, 536 P.3d at 878. The Court held that, "where the 'primary purpose' behind the decision to impound a [vehicle] is for the police to perform an inventory search in order to investigate their criminal suspicions, the impoundment and subsequent search violate the Fourth Amendment." *Id*. at 773, 536 P.3d at 885. The Court explained that law enforcement's concern to protect the impounded vehicle's owner from theft or damage "is not necessarily a valid *purpose* for deciding to impound the vehicle" and is irrelevant to the

---

[2]     At the time of its ruling, the district court did not have the benefit of the decision in *Ramos.*

reasonableness analysis. *Id.* Further, "even if the primary purpose behind the officer's decision to impound the [vehicle] is not pretextual, the State must still prove that the decision to impound the [vehicle] is reasonable under the circumstances." *Id.*

The Court in *Ramos* declined to expand the "community caretaking" rationale to justify impounding a vehicle "based on potential property damage or theft for two reasons." *Id.* at 774, 536 P.3d at 886. First, the Court explained that the "community caretaking" function permits an officer to detain an individual only if there is a present need for assistance. *Id.* According to the Court, there is no such "present need for assistance" if the officer "simply believes the [vehicle] might be at risk of theft or damage." *Id.* Second, the Court reasoned that expanding the "community caretaking" rationale to include potential theft or property damage to the vehicle as a permissible reason to impound that vehicle "could open the door to tort liability for police officers" by creating a duty where one did not previously exist. *Id.*

In this case, the district court determined the inventory search was reasonable, concluding that "the decision to impound Sauve's vehicle was reasonable based upon the circumstances known to" the officers and that the search complied with "standard and established police procedures." The district court reasoned:

> Sauve makes no argument that the subsequent inventory search was not conducted in compliance with standard and established police procedures. Moreover, there is no evidence to support a finding that the inventory search and/or the decision to tow was made as a pretext for a criminal investigation. [The standard and established police procedures in this case] affords officers the discretion to decide whether officers impound a vehicle subsequent [to] an arrest and also lists actions that [the] officer should take if they decide to tow a vehicle subsequent [to] arrest. [The officer] is familiar with [the standard and established police procedures] on towing vehicle[s] and conducting inventory searches. He was the patrol supervisor on duty during the incident. The search was conducted [as] a result of the decision to tow the vehicle and during such search, [the officer] recovered firearms and firearm parts. Also during the inventory search, [another officer] located ammunition and firearm accessories, some of which were reported stolen. Other items located in the vehicle were illegal drugs and paraphernalia. During the search of the vehicle, [an officer] located a debit card showing [Sauve's] name, a handgun, firearm magazines, and controlled substances. There is no evidence that the vehicle search failed to comply with the standard and established police procedures applicable in this case.

(citations to exhibits omitted).

6

In light of the Court's recent decision in *Ramos*, we disagree with the district court's conclusion and its underlying reasoning. Sauve drove his vehicle and parked it in a private parking lot of a closed business prior to his arrest. As stated above, before law enforcement may conduct an inventory search of a vehicle, an officer's decision to impound an individual's vehicle must be reasonable. *Id.* at 773, 536 P.3d at 885. Accordingly, we must first determine whether the officers' decision to impound Sauve's vehicle was reasonable.

The record shows the officer testified that he intended to tow Sauve's vehicle after Sauve was placed under arrest. While the vehicle "was not a hazard" and "was parked in a parking lot," the district court noted that the parking lot belonged to a private business, which was closed at the time, and that "the officer did not have permission from the business owner" to leave Sauve's vehicle parked in the lot. The district court also noted that the "area was known for crime, which is why [the officer] was patrolling the area." In *Ramos*, the Court identified examples of impounding a vehicle that obstructs traffic or threatens public safety as serving a reasonable community caretaking purpose. *Id.* at 773-74, 536 P.3d at 885-86. Unlike in *Ramos*, the State did not present evidence that Sauve's vehicle, which was parked in a lot, either obstructed traffic or threatened public safety. The record does not provide evidence indicating that the impoundment of Sauve's vehicle served a legitimate community caretaking purpose, such as being parked in a no-parking zone, obstructing traffic, or violating any parking ordinances. Without such evidence, the officers' justification for impoundment is insufficient. That said, we reject Sauve's contention that the State's evidence "indicates the primary purpose for conducting the inventory search of" the vehicle was "to investigate their suspicions that [Sauve] was involved in drug activity." That the State did not provide sufficient evidence to justify the impoundment of Sauve's vehicle as a community caretaking action does not mean the officers acted in bad faith or had ulterior motives. Instead, and in accordance with *Ramos*, we hold that, without a legitimate community caretaking purpose, the impoundment of Sauve's vehicle was not reasonable. As a result, the search of Sauve's vehicle does not fall within the inventory exception to the Fourth Amendment's warrant requirement.

The district court, which did not have the benefit of the Court's recent decision in *Ramos* at the time it considered Sauve's motion to suppress, erred in concluding that the inventory search of his vehicle was proper. The State failed to meet its burden of showing that the officers' decision

7

to impound Sauve's vehicle served a community caretaking purpose. As a result, the impoundment was not reasonable, making the ensuing inventory search a violation of Sauve's Fourth Amendment rights. Therefore, the evidence obtained from the inventory search should have been suppressed.

## IV.
## CONCLUSION

The district court erred when it found the officers' decision to impound Sauve's vehicle reasonable because the State failed to show that the decision served a community caretaking purpose. As a result, the district court erred in denying Sauve's motion to suppress. Consequently, Sauve's judgment of conviction for unlawful possession of a firearm and possession of a controlled substance with the intent to deliver is vacated.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.